```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
KHANNA,                                                          :
                                                                 :
                        Plaintiff,                               :
                                                                 :      24-mc-00222 (LJL)
            -v-                                                  :
                                                                 :
JANET LOUISE YELLEN,                                             :      MEMORANDUM AND
                                                                 :           ORDER
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/02/24__

LEWIS J. LIMAN, United States District Judge:

Plaintiff initiated this case via a miscellaneous case initiating document on May 21, 2024 titled "Lawful Money Redemption and Diversion of Funds." Dkt. No. 1. Plaintiff has since filed three additional documents, Dkt. Nos. 4–6, one titled "(NOTICE) SECOND DIVERSION OF FUNDS COMPLAINT," and two titled "CERTIFICATE OF EXIGENT CIRCUMSTANCES RULE B(1)(C)." No complaint has been filed. Plaintiff has not filed any affirmation of service on Defendant.

The case is dismissed without prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 10.

Federal Rule of Civil Procedure 8 requires pleadings to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8; *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). The pleadings must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. The Court may dismiss a complaint sua sponte for failure to comply with Rule 8. *Biviano v. Richard*, 2011 WL 1579925, at *3 (E.D.N.Y. Apr. 26, 2011). Such dismissals are "usually

reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id*. (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  The claims here are incomprehensible, and it would be impossible for Defendant to parse such claims "into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them." *Id*.  Nor has Plaintiff made a clear demand for any particular relief or set forth the grounds for the court's jurisdiction. Fed. R. Civ. Proc. 8(a)(1) and (3).  Plaintiff's various documents mention, among other things, a statute authorizing Federal reserve notes, 12 U.S.C. § 411, information about the New York and New Jersey State Departments of Taxation and the New York and New Jersey Comptrollers, various judges in this District and their oaths of office, and also claims to be brought by "Khanna" on behalf of the United States.  It is incomprehensible to the Court what claims Plaintiff intends to bring, under what authority, and against whom.  Thus, dismissal is appropriate.

Moreover, Plaintiff's document does not comply with Federal Rule of Civil Procedure 10 as it does not have a proper caption, numbered paragraphs, nor does it appear to name all parties. Fed. R. Civ. Proc. 10.

Accordingly, the case is dismissed without prejudice.

SO ORDERED.

Dated: October 2, 2024
       New York, New York

                                                              LEWIS J. LIMAN
                                                              United States District Judge

2